```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

```
CHRISTOPHER FRY,                   :
                                   :
        Petitioner                 :   No. 4:CV-06-1939
                                   :
   vs.                             :   Petition filed 10/02/06
                                   :
MARK KRYSEVIG, the Superintendent  :   (Judge Muir)
of the State Correctional          :
Institution at Cresson; THE        :
FULTON COUNTY DISTRICT ATTORNEY;   :
and TOM CORBETT, ATTORNEY GENERAL  :
OF PENNSYLVANIA,                   :
                                   :
        Respondents                :
```

ORDER

January 17, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 2, 2006, Petitioner Christopher Fry, an inmate at the State Correctional Institution in Cresson, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Fry is proceeding *pro se* and *in forma pauperis*.  The Respondents are the Superintendent of the institution where Fry is incarcerated, the District Attorney of Fulton County, and the Attorney General of Pennsylvania.

The claims in Fry's habeas corpus petition stem from his convictions in the Fulton County Court of Common Pleas of indecent assault, corruption of a minor, involuntary deviate sexual intercourse, and indecent exposure.  The victim of those offenses was a 6 year old boy.  The trial resulting in those

convictions concluded on January 30, 2002, and on June 11, 2002, Fry was sentenced to a total aggregate term of incarceration of 10 to 20 years. Fry unsuccessfully appealed his convictions to the Pennsylvania Superior Court. His attempts to obtain post-conviction relief in the Pennsylvania state courts pursuant to the Pennsylvania Post Conviction Relief Act also failed.

In his § 2254 petition Fry contends that: 1) the admissions he made in an inculpatory statement given to the police and introduced at trial were coerced; and 2) his trial counsel was ineffective for failing to call a witness who could have impeached the trial testimony of the victim's mother. Although Fry lists a third claim in the documents he has filed in this court, it need not be addressed separately because it is simply a restatement of Fry's other two claims.

The Respondents filed an answer to Fry's petition on December 15, 2006. After being granted an extension of time in which to do so, on January 8, 2007, Fry filed his reply brief. His habeas petition is ripe for disposition.

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). An exception to this requirement exists where exhaustion is not

possible "because the state court would find the [unexhausted] claims procedurally defaulted." Toulson, 987 F.2d at 987.

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985). Exhaustion is not complete unless the trial court, Pennsylvania's intermediate appellate court, and the Supreme Court of Pennsylvania have been presented with the substance of petitioner's claims. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993).

Our analysis of whether Fry exhausted each of the claims in his § 2254 petition begins with the claim that certain admissions made to a police officer in a written statement were the product of unlawful coercion. Fry did not raise that claim in the direct appeal of his convictions. Fry's first attempt to obtain relief on that claim was in a Post Conviction Relief Act petition he filed in the Pennsylvania trial court. The court determined that Fry had "waived this issue by failing to raise it on direct appeal." (August 1, 2005, Opinion and Order of the Fulton County Court of Common Pleas, p. 7)

An unexhausted claim which may no longer be raised in the state courts because of a procedural bar, such as a prior waiver of the claim or the failure to raise the claim in a timely

petition, is considered to have been defaulted. Lambert v. Blackwell, 134 F.3d 506, 518 (3d Cir. 1997).  A federal court may address the merits of a defaulted claim only where the petitioner establishes "cause and prejudice" for the default or that a "miscarriage of justice" would result from not considering an unexhausted claim. Coleman v. Thomas, 510 U.S. 722, 731 (1991); Murray v. Carrier, 477 U.S. 478 (1986).

Fry's claim regarding his allegedly coerced admissions is now barred from further state court review by the one-year statute of limitations in Pennsylvania's Post Conviction Relief Act. See 42 Pa. C.S.A. § 9545.  Consequently, that claim has been procedurally defaulted.

Fry has completely failed to address the prerequisites for excusing his default of those claims.  Our examination of this file does not indicate that there are any circumstances justifying the failure to exhaust his state remedies.  In such a case, where it is futile to return the unexhausted claim to state court, "the district court may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred." Toulson, 987 F.2d at 987 (citing Teague v. Lane 489 U.S. 288, 109 S. Ct. 1060 (1989)).  Based on that authority, we will not consider the merits of Fry's first claim.

Fry's only other substantive claim is that his trial counsel

was ineffective for failing to call a witness to impeach the victim's mother.  This claim has been exhausted and we will proceed to consider its substantive merits.

When considering an ineffectiveness of counsel claim "we address not what is prudent or appropriate, but only what is constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794, 107 S. Ct. 3114, 3125 (1987).  The United States Supreme Court has "emphasized that the Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.'" Lockhart v. Fretwell, 506 U.S. 364, 368, 113 S. Ct. 838, 842 (1993)(citation omitted).

In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984), <u>reh'g denied</u>, 467 U.S. 1267 (1984), the Supreme Court held that the test for judging a claim of ineffectiveness of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  In <u>Strickland</u> the Court developed a two-pronged test requiring the petitioner to show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense.  Both prongs have to be met in order to provide any relief based on such a claim. United States v. Nino, 878 F.2d 101, 103-104 (3d Cir. 1989).

With respect to the first prong, "it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." Id., 466 U.S. at 690, 104 S. Ct. at 2052 (citation omitted).  It is significant that "*Strickland* instructs us to be deferential to counsel's tactical decisions, not to employ hindsight, and to give counsel the benefit of a strong presumption of reasonableness." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.)(citing Strickland, 466 U.S. at 689-90, 104 S. Ct. at 2052), *cert. denied*, 512 U.S. 1230 (1994).  We are not free to question counsel's reasonable strategic choices. Strickland, 466 U.S. at 689, 104 S. Ct. at 2052.

Fry specifically argues that his trial counsel was ineffective because he "failed to impeach one of the Commonwealth's key witnesses by an available defense witness, Candace Keener." (Habeas Corpus Petition, p. 6)  According to Fry Candace Keener would have testified that

> the victim's mother, Linda Hann, possesses bad character, committed insurance fraud, cheated on her husband prior to the incident with one of the investigating state police officer[s], made statements that she and her son [the victim] would be "set for life" as a result of the prior episode in which Zack [the victim] was sexually molested, and told Candace Keener that she never liked the defendant ....

(Brief in Support of Fry's Habeas Corpus Petition, p. 4)

The factual record regarding Fry's ineffective assistance of counsel claim indicates that Fry's trial counsel considered and declined to call Candace Keener to impeach the victim's mother because trial counsel believed that 1) any evidence concerning

Hann's prior bad acts would have been inadmissible; 2) Keener's testimony would not have been strong enough to persuade the jury that the victim's mother fabricated the charges and convinced her son to be a part of the fabrication; and 3) Fry's trial counsel did not want the jury to view him or the defense as attacking the victim's mother.

It is clear that Fry's trial counsel made a conscious, strategic decision not to call Candace Keener as a witness. As noted above, the governing precedent requires us "to be deferential to counsel's tactical decisions, not to employ hindsight, and to give counsel the benefit of a strong presumption of reasonableness." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.)(citing Strickland, 466 U.S. at 689-90, 104 S. Ct. at 2052), *cert. denied*, 512 U.S. 1230 (1994). Fry is not entitled to any relief based on his ineffective assistance of counsel claim because we are not entitled to question his counsel's reasonable strategic choices. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2052. Consequently, because Fry has not met the first prong of the Strickland test we need not consider the second prong of that test.

We will deny Fry's § 2254 petition.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The claim in Fry's habeas corpus petition concerning his allegedly coerced admissions is dismissed because

       it has been procedurally defaulted.

2. Fry's remaining claim based on the ineffectiveness of his counsel is denied.

3. Fry's petition for writ of habeas corpus (Document 1) is denied.

4. Any appeal from this order will be deemed lacking in probable cause and a certificate of appealability will not issue.

5. The Clerk of Court shall close this file.

                                                s/Malcolm Muir
                                                MUIR, U.S. District Judge

MM:gja